UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WILLIAM DEAN BAKER,            )
                               )
            Plaintiff,         )       Case No. 1:06-cv-18
                               )
v.                             )       Honorable Wendell A. Miles
                               )
CORRECTIONAL MEDICAL SERVICES, )
INC. et al.,                   )
                               )
            Defendants.        )
_____)

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

### **Discussion**

I.     Factual allegations

Plaintiff is presently incarcerated at the West Shoreline Correctional Facility. In his amended *pro se* complaint[1], he sues Correctional Medical Services, Inc., Medical Service Provider Donna Vanderark, Nurses Helen Thompson and James Barber, Physician's Assistant (unknown)

---

[1] Plaintiff moves to amend his complaint (docket #4). Because a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed, FED. R. CIV. P. 15(a), Plaintiff's motion will be granted.

Spitters, and Dr. Jeremy Wesneski, in their individual capacities, for denying him proper medical treatment.[2]

On May 20, 2004, Plaintiff requested a medical appointment for an abdominal injury and Defendant Barber examined Plaintiff. Defendant Spitters also examined Plaintiff on May 27 and June 1, 2004. Defendant Spitters ultimately concluded that Plaintiff had pulled a muscle in his lower abdomen. Plaintiff's condition, however, did not improve. Plaintiff believes that he is suffering from a hernia rather than a pulled abdominal muscle.

Between September 8, 2004 and January 15, 2005, Plaintiff sent multiple kites to health services regarding the pain in his side and stomach. The pain has made it difficult for him to walk. While Defendant Vanderark examined Plaintiff on numerous occasions, Plaintiff states that she took no interest in finding the origin of his pain. Plaintiff further complains that he had to wait until April 29, 2005, to see health services after submitting a medical kite on January 15, 2005. Sometime prior to July 14, 2005, Medical Service Provider (unknown) Nelson examined Plaintiff and found that he could have a "strange type of hernia." He requested that Plaintiff see a surgeon but the request was subsequently denied. Dr. Wesneski also examined Plaintiff on an unknown date, concluded there was nothing wrong with his abdomen, and prescribed Indocin to Plaintiff.

For relief, Plaintiff requests proper treatment for his injury, and compensation for his pain and suffering.

---

[2] Plaintiff previously filed a lawsuit in this Court in *Baker v. Vanderark et al.,* No. 1:05-cv-550 (W.D. Mich.), alleging the same facts as this complaint. The Court dismissed Plaintiff's lawsuit without prejudice on September 19, 2005 for failing to exhaust his available administrative remedies.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte*.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[3]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the

---

[3]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to use the form complaint in this action.

defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's medical claim is the type of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). Plaintiff attached two grievances to his complaint. In Grievance No. MTF-04-09-0533-12-D2, Plaintiff argues that health services refused to treat his hernia. Plaintiff appealed his grievance to Step III. Plaintiff, however, failed to identify any of the Defendants in any step of Grievance No. MTF-04-09-0533-12-D2. "[F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003). Plaintiff's failure to name Defendants in his Step I grievance alone precludes a finding of exhaustion. *Burton*, 321 F.3d at 576 n.4 (claim of retaliation, which was initially raised by prisoner in Step II of the grievance process was not administratively exhausted). Therefore, Plaintiff fails to satisfy the exhaustion requirement with respect to Grievance No. MTF-04-09-0533-12-D2.

In Grievance No. MTF-05-05-00210-28AB, Plaintiff argues that Defendant Vanderark negligently diagnosed Plaintiff on April 29, 2005, with irritable bowel syndrome. While Plaintiff attached his Step I grievance and response to his complaint, he fails to provide copies of the Step II and Step III grievances and responses, nor does he specifically describe whether he appealed the grievance to Step II and Step III in his complaint. *See Knuckles El*, 215 F.3d at 642. Without that information, the Court is unable to determine whether Plaintiff properly exhausted his medical

claim against Defendant Vanderark. Even if Plaintiff exhausted his claims against Defendant Vanderark, his action must be dismissed under the total exhaustion rule. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of his available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the Michigan Department of Corrections considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d

736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)).  Accordingly, the Court will dismiss his action without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: <u>April 28, 2006</u>                                  /s/ Wendell A. Miles
                                                                                                                                                                     Wendell A. Miles
                                                                                                                                                                     Senior U.S. District Judge